■ In the Matter of George E. Herring, Doing Business as Westridge Realty, et al., Petitioners, v New York State Department of State, Respondent. — Determination unanimously annulled, with costs, and petition granted, in accordance with the following memorandum: In this proceeding (transferred to our court pursuant to CPLR 7804, subd [g]), petitioners, two real estate brokers, seek review of a determination of respondent after a hearing that they "have engaged in the unauthorized practice of law which constitutes an act of untrustworthiness [under Real Property Law, § 441-c, subd 1] to the detriment of [their] clients." The charges arose from a transaction in which petitioners represented one Grella, who sought to sell a lot improved by one mobile home. Complainant Palmer gave petitioners a deposit

and signed a purchase offer for the property which Grella accepted. The contract provided that if required, the seller would supply the buyer with a certificate of occupancy for a single-family home on the property. There was no provision making the contract contingent on the buyer's obtaining a variance permitting him to place a second home on the lot. The contract also provided that in the event of a default by the buyer, the seller would be entitled to keep the buyer's deposit; and that the deposit could be held by the realtor and applied against commissions due from the seller. Subsequently, Palmer refused to complete the sale claiming that the zoning board had denied his application for a certificate of occupancy for the trailer. It is not clear from the record whether Palmer had applied for and been denied a certificate of occupancy for the existing trailer or a zoning variance required to place a second mobile home on the lot. Apparently concluding that petitioners had earned their deposit (see *Hecht v Meller,* 23 NY2d 301, 305) and that Palmer had defaulted, the seller's attorney authorized petitioners to retain the deposit as their commission. When Palmer sought and was denied the refund of his deposit, he complained to the Department of State, which proceeded against petitioners. The hearing officer made no finding that petitioners had committed any of the acts proscribed in section 478 of the Judiciary Law ("Practicing or appearing as attorney-at-law without being admitted and registered"). Rather he based his determination on findings that petitioners "interpret[ed] the contract clause by themselves in such a manner as to be able to take irrevocable decisions without notice to the purchaser and without the knowledge and concurrence of the seller" and "interpreted the contract relative to complex issues of default and forfeiture to its own advantage without legally sufficient notice to the parties." Essentially, then, petitioners are charged with unilaterally interpreting the legal effect on them of the contract terms and with acting in accordance with that interpretation. These acts do not constitute practicing law; indeed, the record is devoid of evidence that petitioners "have engaged in the unauthorized practice of law." The scope of our review of the determination is limited "solely to the grounds invoked by the agency, and if those grounds are insufficient or improper, [we are] powerless to sanction the determination by substituting what [we deem] a more appropriate or proper basis" (*Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593). Thus, we annul the determination and grant the petition. We question whether the evidence here would sustain even more broadly stated charges and note that the finding that petitioners acted without the knowledge and concurrence of the seller is contrary to the undisputed evidence. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Rosenbloom, J.) Present — Dillon, P. J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.